MULLEN, APPELLANT, *v.* CITY OF AKRON, APPELLEE.

(No. 5248—Decided September 26, 1962.)

*Mr. Edward C. Maher,* for appellant.
*Mr. James V. Barbuto,* director of law, and *Mr. Sal Germano,* for appellee.

DOYLE, J. The issues in this appeal from a judgment of the Court of Common Pleas of Summit County concern the appli-

cation of either a statute of the state of Ohio, or a municipal ordinance of the chartered city of Akron, Ohio, to salary rights of a municipal employee, who instituted this action in the trial court praying for a declaratory judgment.

The plaintiff (appellant here) is, and has been for a period of time, a "full-time, permanent employee of the airport division, department of public service," of the defendant (appellee here), the city of Akron. He also is, and has been, a master sergeant in the 4th Howitzer Battalion of the United States Army, a reserve component of the Federal Armed Forces. As a soldier, he was "required to attend periods of full-time training * * * of approximately two weeks' duration in * * * [the years] 1958, 1959, and 1960; * * * [he] has expressed the intention, and it is presumed that he will remain a member of the military reserve and [will] continue to attend periods of full-time training in future years which will conflict with his normal working schedule as an employee of the defendant [Akron]."

The trial court, after a hearing on an agreed statement of facts (the quotations appearing in this opinion are taken from the agreed facts), entered the following judgment:

"* * * the court upon consideration thereof finds that ordinance number 443-1958 enacted by the council of the city of Akron, Ohio, providing for compensation of an employee to be paid by the city while he is performing services for state and federal government, is a valid ordinance, and any act of the state Legislature purporting to fix compensation contrary to said ordinance is inoperative.

"It is, therefore, hereby ordered, adjudged and decreed that the petition of the plaintiff be dismissed and judgment rendered for the defendant [the city of Akron]."

Ordinance No. 443-1958, city of Akron, provides:
"* * *

"All city employees who are members of the Ohio National Guard, the Ohio State Guard, the Ohio Naval Militia, or other reserve components of the armed forces of the United States shall be entitled to leave of absence from their respective duties for such time as they are in such military services on field training or active duty for periods not exceeding thirty-one (31) days in any calendar year.
"* * *

"If a city employee's military pay or compensation * * * during such period of leave of absence is less than his city pay would have been for such period, he shall be paid by the city the difference in money between the city pay and his military * * * pay for such period. In determining such employee's military * * * pay for the purposes of this section allowances for travel, food or housing shall not be considered, but any other pay or allowances of whatever nature, including longevity pay, shall be considered."

The state law, Section 5923.05, Revised Code, provides:

"All officers and employees of the state or the political subdivisions thereof who are members of the Ohio National Guard, the Ohio Defense Corps, the Ohio Naval Militia, or members of other reserve components of armed forces of the United States are entitled to leave of absence from their respective duties without loss of pay for such time as they are in the military service on field training or active duty for periods not to exceed thirty-one days in any one calendar year."

It appears obvious that the city ordinance and the state law are in conflict in the matter of pay to the city employee-soldier; and our question, reduced to its simplest terms, is, Which one must be applied?

The chartered municipal corporation of Akron is authorized "to exercise all powers of local self-government and to adopt and enforce within * * * [its] limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Constitution of Ohio.

The words "as are not in conflict with general laws," found in Section 3 of Article XVIII of the Constitution, modify the words "local police, sanitary and other similar regulations," but do not modify the words "powers of local self-government." *State, ex rel. Canada,* v. *Phillips, Dir. of Public Safety,* 168 Ohio St., 191.

The organization and regulation of the department of public service of a municipal corporation fall well within the municipality's powers of local self-government (*Harsney* v. *Allen, Jr., Chief,* 160 Ohio St., 36, at page 41); likewise, the fixing of salaries, the time and extent of leaves of absence, and the compensation, if any, during such leaves of absence, to be

awarded to a municipal employee, fall well within such power. If an employee serves as a member of the armed forces of the United States during a leave of absence, the municipality, under its constitutional power of local self-government, has the right to fix the compensation to be paid him by the municipality during his leave of absence for service in the armed forces. The fixing by ordinance of compensation during such period is not a "local police, sanitary * * * [or] other similar regulation," within the meaning of the Constitution.

It is therefore determined that a state statute, fixing a rate of pay for an employee of a municipal corporation during his leave of absence for military service, which is in conflict with a municipal ordinance covering the same subject matter, must be held ineffective and inoperative.

*Judgment affirmed.*

STEVENS, P. J., and HUNSICKER, J., concur.