This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, the Fraternal Order of Police, Akron Lodge No. 7 ("FOP"), Richard Baur, Jr., Erik Wells, Jeffrey Leslie, Donald Frost, Albito Lopez, Clark Westfall, James Hentosz, Gerald Bodnar, and Andre Moore ("Appellants"), appeal from the decision of the Summit County Court of Common Pleas, which granted the motion for summary judgment of the appellee, the City of Akron, and denied Appellants' motion for partial summary judgment. We affirm.
 I.
The individual appellants are police officers for the City of Akron and are, or have been, members of the uniformed services. Appellant FOP represents the individual appellants as their bargaining representative for purposes of collective bargaining with the city. On September 18, 2000, Appellants filed a complaint against Appellee, alleging that Appellee failed to comply with R.C. 5923.05, which governs leaves of absence without loss of pay for permanent public employees while the employees are performing services in the uniform services. On February 9, 2001, Appellants filed a motion for partial summary judgment on the issue of the city's liability. Appellee also filed a motion for summary judgment on the same day. On June 6, 2001, the trial court granted Appellee's motion for summary judgment and denied Appellants' motion for partial summary judgment. This appeal followed.
 II. "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFFS-APPELLANTS FRATERNAL ORDER OF POLICE, AKRON LODGE NO. 7, ET AL. IN DENYING THEIR CIV.R. 56 MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN GRANTING DEFENDANT-APPELLEE CITY OF AKRON'S CIV.R. 56 MOTION FOR SUMMARY JUDGMENT."
In their sole assignment of error, Appellants challenge the trial court's decision to deny their motion for partial summary judgment. Appellants further challenge the decision to grant Appellee's motion for summary judgment.
Initially, we note that, as a general rule, the denial of a motion for summary judgment is not a final and appealable order. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88. R.C. 2505.02(B)(1) provides that a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" A denial of a motion for summary judgment, however, does not determine an action and prevent a judgment, and thus generally does not constitute a final order pursuant to R.C. 2505.02. Nayman v. Kilbane (1982),1 Ohio St.3d 269, 271; Balson v. Dodds (1980), 62 Ohio St.2d 287, 289. Unless some exception to the general rule applies, such as an order made in a special proceeding, the order is not final and appealable. SeeCelebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. In the case sub judice, no such exception applies. Therefore, the trial court's order that denied Appellants' motion for partial summary judgment is not final or appealable. Accordingly, this court does not have jurisdiction to address the portion of Appellants' argument that pertains to the trial court's denial of their motion for partial summary judgment.
We now turn to Appellants' argument concerning the granting of Appellee's motion for summary judgment. An appellate court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
Pursuant to Civil Rule 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. The non-moving party must then present evidence that some issue of material fact remains for the trial court to resolve. Id.
The trial court granted Appellee's motion for summary judgment, finding that there was no genuine issue of material fact and that, because Akron City Code 35.09 prevails over R.C. 5923.05, Appellee was entitled to judgment as a matter of law. Appellants argue that all of the terms, provisions and requirements of R.C. 5923.05 are binding upon Appellee.
Akron City Code 35.09 provides:
 "All city employees who are members of the Ohio National Guard, the Ohio State Guard, the Ohio Naval Militia, or other reserve components of the Armed Forces of the United States shall be entitled to leave of absence from their respective duties for such time as they are in such military service on field training or active duty for periods not to exceed 31 days in any calendar year.
"* * *
 "If a city employee's military pay * * * during such period of leave of absence is less than his city pay would have been for such period, he shall be paid by the city the difference between the city pay and his military or other pay for such period."
 The respective state statute, R.C. 5923.05(A)(1),[1]
provides:
 "Permanent public employees * * * who are members of the Ohio organized militia, or members of other reserve components of the armed forces of the United States, including the Ohio national guard, are entitled to leave of absence from their respective positions without loss of pay for the time they are performing service in the uniformed services * * * for periods of up to one month, for each calendar year in which they are performing service in the uniformed services."
The state statute and the city ordinance are in direct conflict because they "seek to legislate on the same subject matter, the same individuals, and for the same period of time but at different rates of payment." See Benevolent Assn. v. Parma (1980), 61 Ohio St.2d 375, 377. Therefore, the issue to be determined is which provision applies.
As a chartered municipal corporation, Akron is authorized by the Home Rule Amendment "to exercise all powers of local self-government and to adopt and enforce within [its] limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution. The Ohio Supreme Court has held that the phrase, "as are not in conflict with general laws," modifies the words "local police, sanitary and other similar regulations" and not the words "powers of local self-government." State ex rel. Canadav. Phillips (1958), 168 Ohio St. 191, paragraph four of the syllabus. Thus, Home Rule "first gives municipalities `authority to exercise all powers of local self-government,' and then, with respect to some of those powers, i.e., the power `to adopt and enforce * * * local police, sanitary and other similar regulations,' it limits the powers to adopt such regulations to such `as are not in conflict with general laws.'" Id. at 197.
"The mere fact that the exercise of a power of local self-government may happen to relate to the police department does not make it a police regulation within the meaning of the words `police regulations[.]'"Phillips, 168 Ohio St. at paragraph five of the syllabus. Instead, the authority to establish salaries paid to employees of a municipality is a fundamental power of local self-government. Benevolent Assn.,61 Ohio St.2d at 383. Accordingly, an ordinance regarding wages paid during military leave of the municipality's employees, such as the police officers in this case, is an exercise of that authority. Mullen v. Akron
(1962), 116 Ohio App. 417, 419-420. Therefore, when a conflict exists between a municipal ordinance, adopted pursuant to its constitutional home rule authority, and the state statute concerning military leave, the ordinance prevails. State ex rel. Fraternal Order of Police, Ohio LaborCouncil, Inc. v. Sidney (2001), 91 Ohio St.3d 399, 402, citing BenevolentAssn., 61 Ohio St.2d at 378 ("It is axiomatic that an ordinance, similar to the one bar [regarding military pay], if enacted by a chartered municipality, would prevail over the state law [R.C. 5923.05] irrespective of any conflict"). We therefore conclude that Akron City Code 35.09 prevails over R.C. 5923.05.
Accordingly, we find that the trial court did not err in granting summary judgment to Appellee. Pursuant to Home Rule, Akron City Code 35.09 prevails over R.C. 5923.05. Accordingly, Appellee cannot be liable for failing to comply with R.C. 5923.05. No genuine issue as to material fact remains to be litigated, and Appellee was entitled to judgment as a matter of law. Appellants' assignment of error is overruled.
 III.
Having overruled Appellants' sole assignment of error, we affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.
[1] R.C. 5923.05 was amended effective September 18, 1997, to include subsection (F) (now codified as R.C. 5923.05(G)). The amendment provides that, when a permanent public employee's employment is governed by a collective bargaining agreement that contains a provision regarding service in the uniformed services, the agreement cannot afford fewer rights and benefits that those conferred by R.C. 5923.05. In State exrel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Sidney
(2001), 91 Ohio St.3d 399, the Ohio Supreme Court found that the terms of such agreement prevail, absent an election by the city to provide the military leave as specified in R.C. 5923.05. We note that while the parties of this appeal are parties to a collective bargaining agreement, the parties concede that there is no such provision in the agreement concerning service in the uniformed services. Therefore, we decline to discuss the application of this section to the case at bar.