EILEEN T. GALLAGHER, J.:
*447 {¶ 1} Defendant-appellant, city of Cleveland, appeals the denial of its motion to dismiss a third-party complaint filed against it by defendant-third-party plaintiff, New Village Corporation. The city raises one assignment of error:
The trial court erred in denying the city's motion to dismiss because there are no facts that would strip the city's immunity from New Village Corporation's third party complaint under R.C. 2744 et seq.
{¶ 2} We find merit to the appeal and reverse the trial court's judgment.
I. Facts and Procedural History
{¶ 3} In April 2015, plaintiff-appellee, Linda Bradshaw, tripped and fell on a sidewalk outside a Family Dollar store on West 25th Street in Cleveland. Linda sustained multiple patella fractures in her left knee and was treated for injuries at MetroHealth Medical Center. She later underwent two knee surgeries as well as physical and occupational therapy to restore her knee function.
{¶ 4} Linda and her husband, Douglas Bradshaw, subsequently filed a complaint against New Village and Family Dollar Stores of Ohio, alleging that they negligently failed to maintain the sidewalk in a safe condition and that their negligence proximately caused Linda's injuries. Douglas alleged a loss of consortium claim resulting from his wife's injuries. New Village filed a third-party complaint against Cleveland, alleging that Cleveland owed the Bradshaws a duty of care to maintain the public sidewalks in a safe condition and that Cleveland, not New Village, was liable for the Bradshaws' claims.
{¶ 5} Cleveland filed a motion to dismiss the third-party complaint pursuant to Civ.R. 12(B)(6), arguing it was immune from liability under R.C. Chapter 2744, Ohio's Political Subdivision Tort Liability Act, because the maintenance of a public sidewalk is a governmental function. New Village opposed the motion, arguing that Cleveland was not entitled to immunity because Linda did not fall on a traditional sidewalk. New Village also asserted that even if Linda fell on a traditional sidewalk, Cleveland was not entitled to immunity because Cleveland voluntarily assumed liability when it enacted Cleveland Codified Ordinances ("C.C.O.") 173 pursuant to the "Home Rule Amendment" of the Ohio Constitution. The trial court denied Cleveland's motion to dismiss without opinion. Cleveland now appeals the trial court's judgment.
II. Law and Analysis
{¶ 6} In its sole assignment of error, Cleveland argues the trial court erred in denying its motion to dismiss New Village's third-party complaint.
*448 {¶ 7} We review an order dismissing a complaint for failure to state a claim for relief de novo. Perrysburg Twp. v. Rossford , 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the nonmoving party. Johnson v. Microsoft Corp. , 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6. To prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. O'Brien v. Univ. Comm. Tenants Union, Inc. , 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).
{¶ 8} Cleveland argues it is immune from liability under R.C. 2744.01(A)(1) because it is a political subdivision, and the maintenance of sidewalks is a governmental function entitled to sovereign immunity. R.C. Chapter 2744 governs political subdivision liability and immunity and sets forth a three-tiered analysis for determining whether a political subdivision is entitled to immunity. Vacha v. N. Ridgeville , 136 Ohio St.3d 199, 2013-Ohio-3020, 992 N.E.2d 1126, ¶ 12 ; Greene Cty. Agricultural Soc. v. Liming , 89 Ohio St.3d 551, 556-557, 733 N.E.2d 1141 (2000).
{¶ 9} First, R.C. 2744.02(A)(1) provides that a political subdivision is generally "not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision * * * in connection with a governmental or proprietary function." Thus, the first tier of the analysis requires the court to determine whether the entity claiming immunity is a political subdivision and whether the alleged harm occurred in connection with either a governmental or proprietary function. R.C. 2744.02(A)(1).
{¶ 10} It is undisputed that Cleveland, which is a municipal corporation, is a political subdivision as defined by R.C. 2744.01(F). R.C. 2744.01(C)(2)(e) provides a nonexhaustive list of "governmental functions," which includes "the maintenance and repair of * * * sidewalks." See also Wilson v. Cleveland , 2012-Ohio-4289, 979 N.E.2d 356, ¶ 15 (8th Dist.) (holding that the maintenance of a sidewalk is a governmental function). Therefore, Cleveland is immune from liability under R.C. 2744.02(A)(1) for damages related to its maintenance and repair of public sidewalks.
{¶ 11} The second tier of the analysis requires the court to determine whether any of the five exceptions to immunity enumerated in R.C. 2744.02(B) apply to reinstate liability to the political subdivision. Cater v. Cleveland , 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998). If the court finds any of the R.C. 2744.02(B) exceptions applicable, and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires the court to determine whether any of the defenses set forth in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability. Colbert v. Cleveland , 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 9.
{¶ 12} R.C. 2744.02(B)(3) once provided an exception to immunity for injuries caused by a political subdivision's failure to maintain sidewalks in a safe condition. See Wilson at ¶ 9. However, an amendment to the statute, which became effective in April 2003, removed sidewalks from the list of immunity exceptions. Id. Now there are no exceptions in R.C. 2744.02(B) that impose liability onto Cleveland for damages caused as a result of a failure to maintain a city sidewalk in a safe condition, and Cleveland is immune from liability for the Bradshaws' claims.
{¶ 13} New Village nevertheless argued in the trial court, as it does now on appeal, *449 that sovereign immunity is inapplicable to the sidewalk where Linda fell because it was not a traditional sidewalk. It contends the decorative nature of the sidewalk removes it from the scope of immunity and cites Parsons v. Greater Cleveland Regional Transit Auth. , 8th Dist. Cuyahoga No. 93523, 2010-Ohio-266, 2010 WL 323420, to support its argument.
{¶ 14} In Parsons , the plaintiff slipped and fell at a Cleveland Regional Transit Authority ("RTA") station and sued the RTA for injuries. The RTA filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), arguing it was immune from liability under R.C. Chapter 2744. However, there was a factual question regarding whether the plaintiff fell on a sidewalk, which would have provided immunity to RTA, or in a common area of the station that was excepted from immunity. Therefore, this court affirmed the denial of RTA's motion to dismiss on grounds that it was premature, but recognized that RTA may prove its right to immunity after completing discovery and resolving the factual issues in its favor.
{¶ 15} In contrast to Parsons , there are no factual disputes in this case. The third-party complaint states that Linda Bradshaw's alleged fall occurred "on a public sidewalk" located on West 25th Street in the city of Cleveland. (Third party complaint ¶ 4-9.) Similarly, the Bradshaws' complaint alleges that Linda fell while "walking down W. 25th Street in Cleveland, Ohio and was walking on the sidewalk in front of Defendant Family Dollar store." (Complaint ¶ 7.) Although the complaint also alleges that Linda tripped when her foot struck an uneven edge where the concrete portion of the sidewalk intersected with decorative brick pavers, the decorative nature of the sidewalk does not change the fact that it is a public sidewalk.
{¶ 16} In Needham v. Columbus , 10th Dist. Franklin No. 13AP-270, 2014-Ohio-1457, 2014 WL 1387535, the Tenth District rejected a similar argument that the decorative nature of a trash receptacle removed it from the scope of sovereign immunity. The court reasoned that the "degree of ornateness" was not a determinative factor in determining whether the maintenance of trash receptacles was a governmental or proprietary function. Id. at ¶ 15. The same reasoning applies here. A sidewalk made of a combination of concrete and bricks, as opposed to concrete alone, does not transform the sidewalk into something else. It is still a public sidewalk cloaked with immunity under R.C. Chapter 2744.
{¶ 17} New Village also argues that Cleveland voluntarily assumed liability for its failure to properly maintain the sidewalk by enacting C.C.O. 173, which states that "[c]ouncil shall provide for the care, supervision, control and improvement of public * * * sidewalks * * * within the City, and shall cause them to be kept open, in repair and free from nuisance." New Village contends this ordinance falls under the "Home Rule" amendment to the Ohio Constitution.
{¶ 18} Article XVIII, Section 3 of the Ohio Constitution, the Home Rule Amendment, provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." In other words, the Home Rule Amendment confers sovereignty to Cleveland to enact local laws affecting self-government. Kanter v. Cleveland Hts. , 8th Dist. Cuyahoga No. 104375, 2017-Ohio-1038, 86 N.E.3d 1022, ¶ 15 ("Home Rule gives municipalities a sovereignty over matters of local government.").
{¶ 19} Neither the Home Rule Amendment nor C.C.O. 173 creates an exception *450 to Chapter 2744's provision of immunity from liability for claims arising from the governmental functions of political subdivisions. Nor does New Village provide any legal authority to support its argument that Cleveland created a form of "self-imposed" liability by enacting C.C.O. 173. Indeed, C.C.O. 173 is an act of sovereignty that directs the city council to maintain the public sidewalks in safe condition as contemplated by R.C. Chapter 2744.
{¶ 20} As previously stated, R.C. 2744.01(C)(2)(e) provides that the maintenance and repair of sidewalks is a governmental function. A "governmental function" is further defined, in part, as "[a] function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement." R.C. 2744.01(C)(1)(a). C.C.O. 173 is the legislative enactment that authorizes the city to perform its obligation of maintaining public sidewalks in a safe condition. Thus, the city's acts or omissions relative to C.C.O. 173 are governmental functions that fall squarely within the scope of the immunity provided in R.C. Chapter 2744.
{¶ 21} Having considered all the material allegations of the third-party complaint as true, and drawing all reasonable inferences in favor of New Village, we find beyond doubt that New Village can prove no set of facts that would impute liability for the Bradshaws' claims onto the city of Cleveland. Therefore, the trial court erred in denying Cleveland's motion to dismiss.
{¶ 22} The sole assignment of error is sustained.
{¶ 23} Judgment reversed.
MARY J. BOYLE, J., CONCUR