[Cite as *Nadrowski v. Cleveland*, 2022-Ohio-3232.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| RITA NADROWSKI, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 111139 |
| v. | : | |
| CITY OF CLEVELAND, ET AL., | : | |
| Defendants-Appellees. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 15, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932413

*Appearances:*

Paulozzi Co. LPA, Todd O. Rosenberg, and Amy L.
Higgins, *for appellant*.

Mark Griffin, Cleveland Director of Law, and Amy K.
Hough, and Craig J. Morice, Assistant Directors of Law,
*for appellee*.

MARY J. BOYLE, J.:

{¶ 1} Plaintiff-appellant, Rita Nadrowski ("Nadrowski"), appeals the trial court's judgment granting summary judgment in favor of defendant-appellee, the city of Cleveland ("City"). At issue is whether the City is immune from a negligence claim by Nadrowski when she tripped and fell while crossing the street. For the

reasons set forth below, we affirm the trial court's judgment finding that the City is entitled to political subdivision immunity.

## I. Facts and Procedural History

{¶ 2} In May 2018, Nadrowski and her friends attended a flea market ("the Flea") on E. 36th Street in Cleveland. Upon exiting the Flea, Nadrowski found herself in a large crowd of pedestrians of approximately 40-50 people, walking two-by-two. Nadrowski was less than an "arm's length" away from the person directly in front of her. She was so close that she could only see the back of that person's head. She was not able to see the street in front of her. The crowd exited at an angle across the street. As Nadrowski crossed the street, her feet hit what she initially thought was a "curb, and [she] went down on [her] knees, [her] hands and then [her] whole body." (Nadrowski Deposition, tr. 17.) She later determined that her feet caught an uneven area of the street that had a difference in elevation of two inches or more. Nadrowski does not know the exact area of her fall. She recalled that the area was in proximity to a fire hydrant and several orange pipes. Nadrowski took photos of the area in October 2018, which depict a greater than two-inch defect in the street.

{¶ 3} In May 2020, Nadrowski filed a complaint against the City, along with other defendants, who are no longer involved in the lawsuit. Nadrowski alleged negligence against the City for failing to maintain a public roadway. In its answer, the City asserted statutory immunity pursuant to R.C. Chapter 2744. The City filed a motion for summary judgment, arguing that it was entitled to political subdivision

immunity for any negligence. Nadrowski opposed, arguing that the City did not have statutory immunity because it failed to keep a public road "in repair" and had constructive notice of the defect.

**{¶ 4}** The trial court granted the City's motion for summary judgment, stating that

> [Nadrowski's] complaint alleges that the City was negligent and/or reckless in maintaining a portion of a public road. [Nadrowski] alleges that the City failed to repair a two-inch elevation in the street, and as a result [Nadrowski] tripped and fell and suffered injuries.
>
> R.C. 2744.02(A)(1) establishes a general grant of sovereign immunity, providing that a political subdivision is not liable for damages for injury, death, or loss to person or property incurred in connection with the performance of a governmental or proprietary function. The maintenance and repair of roads is a "governmental function." R.C. 2744.01(C)(2)(e). R.C. 2744.02(B)(3), however, provides an exception to the general grant of sovereign immunity for injuries or losses resulting from the "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads." *Todd v. City of Cleveland*, 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101, ¶ 10-11. As such, [the City] is afforded immunity under R.C. 2744.02(A)(1) unless one of the exceptions in R.C. 2744.02(B) apply to reinstate liability to the political subdivision. *See Bradshaw v. New Village Corp.*, 2018-Ohio-691, 95 N.E.3d 446, ¶ 9-11. (8th Dist.).
>
> Here the roadway was not deteriorated, in disrepair, or obstructed. The City's records indicate that crews were present 10 days before [Nadrowski's] alleged accident and inspected the roadway. The Court finds that a two-inch difference in elevation does not render the road in disrepair nor is it an obstruction. S*ee, Todd v. City of Cleveland*, 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101.
>
> The Court finds that there is no genuine issue of material fact as to create an exception to the City's statutory immunity under R.C. 2744.02 or that would allow a reasonable person to believe that [the City was] negligent within the parameters of R.C. 2744.02(B)(1). In viewing the facts and construing the evidence in the light most favorable to [Nadrowski] as the non-moving party, the Court finds that there are no genuine issues of material fact and that reasonable minds

could only come to one conclusion:  [the City is] entitled to judgment as a matter of law under Civ.R. 56(C) pursuant to the immunity provided under R.C. 2744.01 et seq.

(Trial Court's Judgment Entry, Dec. 6, 2021.)

**{¶ 5}** It is from this order that Nadrowski now appeals, raising the following single assignment of error for review:

**Assignment of Error One:** The trial court erred since the 2-inch rule applies to cities and political subdivisions.

## II.  Law and Analysis

## A.  Standard of Review

**{¶ 6}** An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In a de novo review, this court affords no deference to the trial court's decision and we independently review the record to determine whether the denial of summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

**{¶ 7}** Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Grafton* at 105, citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 631 N.E.2d 150 (1994).

{¶ 8} The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact. *Id.*

## B. Political Subdivision Immunity

{¶ 9} A determination of whether a political subdivision has immunity involves a three-step analysis. *Smith v. McBride*, 130 Ohio St.3d 51, 2011-Ohio-4674, 955 N.E.2d 954, ¶ 13, citing *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781; *Lambert v. Clancy*, 125 Ohio St.3d 231, 2010-Ohio-1483, 927 N.E.2d 585. First, the party alleging immunity must enjoy a general grant of immunity under R.C. 2744.02(A)(1), which provides that "a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." *Id.* Political-subdivision immunity, however, is not absolute. As a result, the second step of the analysis focuses on the five exceptions to immunity listed in R.C. 2744.02(B), which can expose the political subdivision to liability.

*Colbert* at ¶ 8, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 24, 697 N.E.2d 610 (1998). If none of the exceptions in R.C. 2744.02(B) apply, and if no defense in that section applies to negate the liability of the political subdivision, then the third step of the analysis requires an assessment of whether any defenses in R.C. 2744.03 apply to reinstate immunity. *Id.* at ¶ 9.

{¶ 10} Both parties agree the City has immunity under R.C. 2744.01(A)(1) and that the immunity exception under R.C. 2744.02(B)(3) is at issue in the instant case.[1] R.C. 2744.02(B)(3) provides an exception to the general grant of sovereign immunity for injuries or losses resulting from the "negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads[.]"

{¶ 11} Nadrowski first argues that the City had a duty to repair the street, which is separate from the City's duty to remove obstructions. In support of her argument, she refers to the deposition testimony of Kenneth Cenname ("Cenname"), who supervised street maintenance and repair in that area. Cenname testified that if there was a two-inch elevation in the street, the City would have repaired it by ramping it with asphalt.

{¶ 12} We note that this Court has interpreted R.C. 2744.02(B)(3) to contain two exceptions to political immunity. *Todd*, 8th Dist. Cuyahoga No. 98333, 2013-Ohio-101, at ¶ 13-14. "The terms 'in repair' and 'obstruction' exist separately under

---

[1] The maintenance and repair of roads is a "governmental function." R.C. 2744.01(C)(2)(e).

R.C. 2744.02(B)(3) and provide two separate, independent bases for precluding statutory immunity with respect to public roads." *Id.* at ¶ 14, citing *Bonace v. Springfield Twp.*, 179 Ohio App.3d 736, 2008-Ohio-6364, 903 N.E.2d 683 (7th Dist.), *Crabtree v. Cook*, 196 Ohio App.3d 546, 2011-Ohio-5612, 964 N.E.2d 473 (10th Dist.).

{¶ 13} The Ohio Supreme Court has held that for purposes of R.C. 2744.02(B)(3), "an 'obstruction' must be an obstacle that blocks or clogs the roadway and not merely a thing or condition that hinders or impedes the use of the roadway or that may have the potential to do so." *Howard v. Miami Twp. Fire Div.*, 119 Ohio St.3d 1, 2008-Ohio-2792, 891 N.E.2d 311, ¶ 30.

{¶ 14} The term "in repair" has been interpreted to include "'fixing holes or crumbling pavement,' i.e., repairing potholes, when a road is deteriorating." *Todd* at ¶ 15, quoting *Crabtree* at ¶ 27, citing *Bonace*. Therefore, the City has a duty to repair roads that have deteriorated into a potentially hazardous condition, and the negligent failure to do so could result in liability to the City. *Id.*; *Leslie v. Cleveland*, 2015-Ohio-1833, 37 N.E.3d 745, ¶ 12 (8th Dist.).

{¶ 15} Because the City's immunity could be abrogated under R.C. 2744.02(B)(3), we must address whether Nadrowski has set forth sufficient facts to create a genuine issue of material fact as to the City's negligence. Nadrowski contends that there was sufficient evidence to avoid summary judgment because the elevation difference in the street was more than two-inches and this "two-inch" difference in elevation constituted a lack of repair to a public street. She further

contends that if the elevation difference was less than two-inches, the City is liable because the attendant circumstances (crowded street with many pedestrians) establish a substantial defect.

{¶ 16} We note that courts have developed the "two-inch rule." This rule provides that a difference in elevation of two inches or less in height between two adjoining portions of a *sidewalk or walkway* is considered insubstantial as a matter of law and thus is not actionable. *Stockhauser v. Archdiocese of Cincinnati*, 97 Ohio App.3d 29, 33, 646 N.E.2d 198 (2d Dist.1994), citing *Cash v. Cincinnati*, 66 Ohio St.2d 319, 421 N.E.2d 1275 (1981). Here, Nadrowski fell on a public road, not a sidewalk or walkway. *See Meyer v. Dayton*, 2016-Ohio-8080, 74 N.E.3d 921 (2d Dist.) (where the court applied "two-inch rule" to airport parking lot, not a public roadway). Therefore, the two-inch rule is inapplicable to the instant case. Moreover, "R.C. 2744.02(B)(3) once provided an exception to immunity for injuries caused by a political subdivision's failure to maintain sidewalks in a safe condition." *Bradshaw v. New Village Corp.*, 2018-Ohio-691, 95 N.E.3d 446, ¶ 12 (8th Dist.), citing *Wilson v. Cleveland*, 2012-Ohio-4289, 979 N.E.2d 356, ¶ 9 (8th Dist.). However, an amendment to the statute, which became effective in April 2003, removed sidewalks from the list of immunity exceptions. *Id.* Thus, there are no exceptions in R.C. 2744.02(B) that impose liability on a city for damages caused as a result of a failure to maintain a city sidewalk in a safe condition. *Id.*

{¶ 17} While the two-inch rule is inapplicable to the instant case, we still must address if the City breached its duty to repair faulty road conditions. The

liability of a municipality for the City's breach of this duty "'arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality has actual or constructive notice of its existence.'" *Gomez v. Cleveland*, 8th Dist. Cuyahoga No. 97179, 2012-Ohio-1642, ¶ 7, quoting *Cleveland v. Amato*, 123 Ohio St. 575, 176 N.E. 227 (1931). "Generally, notice that is communicated directly to or received by a responsible party constitutes 'actual notice.'" *Silverman v. Cleveland*, 8th Dist. Cuyahoga No. 109549, 2021-Ohio-688, ¶ 17, quoting *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 12; *Amato* at 577. "'There is constructive knowledge where the nuisance existed in such a way that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger.'" *Gomez* at ¶ 7, quoting *Kertesz v. Fulton Cty.*, 6th Dist. Fulton No. F-05-026, 2006-Ohio-3178, ¶ 20.

{¶ 18} In the instant case, the evidence demonstrates that Nadrowski did not know the exact location of where she fell. Rather, she knew of the general area. She did not take any photographs of the area at the time of her fall. Nadrowski testified that she revisited the area over four months later, in October of 2018, and took photographs of where she believes she may have fallen. City records indicate its crews were on E. 36th Street on March 17 and 19, 2017, and May 2, 2018, which was ten days before Nadrowski's fall. Cenname testified that his unit inspected the area of E. 36th Street where Nadrowski fell on May 2, 2018.

{¶ 19} When shown pictures of the area, taken in 2020, Cenname testified that the street did not show the condition depicted in the photograph when he was at E. 36th Street on May 2, 2018. (Cenname Deposition, tr. 20.) He testified that if the street was in an uneven condition in May 2018, he and his crew would have rectified the elevation by "ramping" it with asphalt. (Cenname Deposition, tr. 17.) He further testified that he did not recall the City receiving any complaints regarding the condition of E. 36th Street from 2016-2018. (Cenname Deposition, tr. 18.)

{¶ 20} Nadrowski's expert, Richard L. Zimmerman ("Zimmerman"), whose expertise included supervision and inspection of repaired asphalt paving of roadways, provided a report that included photographs of the area dated February 15, 2020, which was 21 months after the incident. Zimmerman's report verified that the elevation difference in the photographs was two inches or more. These photographs, however, are the same photographs Cenname discussed at his deposition where he indicated that E.36th Street did not have that elevation difference in 2018. (Cenname Deposition, tr. 20.)

{¶ 21} After reviewing evidence in a light most favorable to Nadrowski, we find that there is no genuine issue of material fact and reasonable minds can come to but one conclusion — the City is entitled to political subdivision immunity. The record demonstrates that Nadrowski could not clearly identify where she fell or what caused her to fall. Furthermore, the photographs on which she relies to establish a defect in the street were taken either four or twenty-one months after the incident. There is no evidence in the record indicating that the City knew the street needed

repair or that the City had knowledge of a faulty condition. Rather, the evidence demonstrates that the City inspected the street days prior to the incident and did not observe any elevation difference in the street.

{¶ 22} Therefore, the sole assignment of error is overruled.

## III. Conclusion

{¶ 23} The trial court's grant of summary judgment in favor of the City is proper. The exception set forth in R.C. 2744.02(B)(3), which would expose the City to liability, does not apply. Therefore, the City is entitled to political subdivision immunity under R.C. Chapter 2744.

{¶ 24} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

ANITA LASTER MAYS, P.J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR