DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants Brooke Hallowell, Richard Linn, Nicholas Linn, and Elizabeth Linn sued Edgar and Larue Albaugh and Athens County after a tree limb from the Albaughs' property hit the mirror of Richard Linn's vehicle, which was traveling on an Athens County road. After the trial court granted summary judgment to the defendants, appellants filed this appeal and contend the court erred in concluding that Athens County did not have actual knowledge of the tree branch. They argue that Joe Kasler's knowledge of the branch can be imputed to Athens County since he works for the county. However, because maintenance and inspection of county roads is beyond the scope of Mr. Kasler's employment, his knowledge is not imputed to the county. Appellants also argue that there is a genuine issue as to whether appellees had constructive knowledge of the tree branch. Viewing the evidence in a light most favorable to appellants, we agree. If Mr. Kasler's testimony is believed, the tree branch was present for more than three months and was "very visible". Thus, a reasonable trier of fact could conclude appellees had constructive knowledge of the branch.
 {¶ 2} However, that conclusion does not automatically require reversal here because the "open and obvious" doctrine may negate the existence of a duty owed to the appellants. Appellants contend the court erred in concluding that the tree branch was an open and obvious danger since that doctrine is inapplicable where the plaintiff is not an invitee who is injured while on the defendant's premises. However, because appellants failed to raise this argument in the lower court, they have waived it for purposes of appeal. Appellants also argue that there is a genuine factual issue as to whether the tree branch was an open and obvious danger. Whether a danger is open and obvious is a question of law for the court to decide. After reviewing Mr. Kasler's testimony, we conclude as a matter of law, that the tree branch constituted an open and obvious danger. Thus, appellees did not owe a duty to appellants and summary judgment for the appellees was appropriate.
 {¶ 3} Edgar and Larue Albaugh are the owners of property that abuts County Road 36 in Athens County, Ohio. On April 30, 2000, Richard Linn was driving a U-Haul truck on County Road 36. Mr. Linn's son, Nicholas, was sitting in the passenger seat of the truck. As Mr. Linn drove past the Albaughs' property, a branch from a fallen tree caught the extended mirror on the passenger side of the truck causing either the mirror and/or the branch to crash through the window and strike Nicholas in the head. Nicholas suffered serious injury as a result of being struck by the mirror and/or branch.
 {¶ 4} The branch that caught the truck's mirror came from a tree that had fallen from the Albaughs' property. The tree had fallen across a fence located on the Albaughs' property and into the right-of-way of County Road 36. The tree's branch was approximately 0-18 inches from the paved portion of the road and 4-6 feet above the road's surface.
 {¶ 5} In January 2002, appellants filed suit against Edgar and Larue Albaugh, Athens County, and U-Haul Company of Massachusetts, Inc.[1] Appellants alleged that the Albaughs were negligent for failing to maintain their property so as to prevent injury to travelers on the roadway. In addition, appellants alleged that Athens County was negligent for failing to keep County Road 36 free from nuisance. Subsequently, the Albaughs and Athens County filed motions for summary judgment, arguing that they had neither actual nor constructive knowledge of the fallen tree. In response, appellants argued that Joe Kasler's deposition, which was taken after appellants filed their motions, created a genuine factual issue concerning whether appellees had constructive knowledge of the tree branch. Appellees replied that the tree branch was an open and obvious hazard and therefore, they did not owe a duty to appellants.
 {¶ 6} In October 2003, the trial court granted the Albaughs' and Athens County's motions for summary judgment after it concluded that neither the Albaughs nor Athens County had actual knowledge of the tree branch.
Furthermore, the court concluded: "[I]f the branch was not open and obvious, Defendants would not have constructive notice of the hazardous condition. * * * [I]f the branch was open and obvious neither landowner Albaughs nor Athens County owed a duty of care to Richard Linn and Nicholas Linn * * *." Appellants now appeal the trial court's decision and raise the following assignments of error:
"ASSIGNMENT OF ERROR NO. 1 — The trial court erred in granting Defendants Edgar and Larue Albaugh's motion for summary judgment as there is a genuine issue of material fact.ASSIGNMENT OF ERROR NO. 2 — The trial court erred in granting Defendant Athens County's motion for summary judgment as there is a genuine issue of material fact."
 {¶ 7} In reviewing a summary judgment, the lower court and appellate court utilize the same standard, i.e., we review the judgment independently and without deference to the trial court's determination. Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411. Summary judgment is appropriate when the following have been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in its favor. Bostic v.Connor (1988), 37 Ohio St.3d 144, 146, 524 N.E.2d 881, citingHarless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66, 375 N.E.2d 46. Cf., also, State ex rel. Coulverson v. OhioAdult Parole Auth. (1991), 62 Ohio St.3d 12, 14, 577 N.E.2d 352; Civ.R. 56(C). The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting summary judgment. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112,115, 526 N.E.2d 798. If the moving party satisfies this burden, "the nonmoving party then has a reciprocal burden under Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial, and if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Kulch v. Structural Fibers, Inc.,78 Ohio St.3d 134, 145, 1997-Ohio-219, 677 N.E.2d 307, citing Dresher v.Burt (1996), 75 Ohio St.3d 280, 295, 662 N.E.2d 264.
 {¶ 8} For the sake of convenience, we will address appellants' assignments of error in reverse order. In their second assignment of error, appellants contend the court erred in granting Athens County's motion for summary judgment. Appellants argue the evidence establishes that Athens County had actual knowledge of the tree branch. They also argue that if Athens County did not have actual knowledge of the tree branch, there is a genuine issue as to whether they had constructive knowledge of the branch. In addition, appellants contend the open and obvious doctrine does not apply to the present situation.
 {¶ 9} Generally, political subdivisions are immune from liability for acts or omissions connected with governmental or proprietary functions. R.C. 2744.02(A)(1). However, R.C.2744.02(B) provides several exceptions to this general grant of immunity. Under R.C. 2744.02(B)(3), political subdivisions are liable for injury or death "caused by their failure to keep roads, highways, [and] streets * * * within the political subdivision open, in repair, and free from nuisance * * *."[2] This exception imposes a duty on political subdivisions to keep the roads in their control free from conditions that create a danger for ordinary traffic on the regularly traveled portion of the road. See Manufacturer's Natl.Bank of Detroit v. Erie Cty. Road Comm. (1992),63 Ohio St.3d 318, 321, 587 N.E.2d 819;Haynes v. Franklin, 95 Ohio St.3d 344,2002-Ohio-2334, 767 N.E.2d 1146, at ¶ 13. In order to impose liability under R.C. 2744.02(B)(3), "the political subdivision must have had `either actual or constructive knowledge of the nuisance.'" Harp v. Cleveland Heights,87 Ohio St.3d 506, 512, 2000-Ohio-467,721 N.E.2d 1020, quoting Vogel v. Wells (1991),57 Ohio St.3d 91, 97, 566 N.E.2d 154.
 {¶ 10} Athens County does not dispute that the tree branch constituted a nuisance. Rather, Athens County argues that it had neither actual nor constructive knowledge of the nuisance. Appellants, on the other hand, argue that Joe Kasler's testimony establishes that Athens County had actual knowledge of the nuisance. They note that at the time Mr. Kasler observed the branch, he was an employee of Athens County. They argue that Mr. Kasler's knowledge of the tree branch is imputed to his employer and thus, Athens County had actual knowledge of the branch.
 {¶ 11} Archie Stanley, the Athens County Engineer, testified that the Engineer's Office is responsible for the maintenance of county roads. Mr. Kasler's testimony indicates that he works for the Athens-Hocking Solid Waste District, not the Engineer's Office. Thus, inspection and maintenance of county roads is beyond the scope of Mr. Kasler's duties. An employee's knowledge is imputed to his employer only if the employee obtained the knowledge while acting within the scope of his employment. SeeAmerican Financial Corp. v. Fireman's Fund Ins. Co. (1968),15 Ohio St.2d 171, 174, 239 N.E.2d 33 ("It is a basic rule of law that knowledge as to an employer's business received by anemployee in the ordinary scope of business is imputed to the employer.") (Emphasis added.) See, also, Fay v. Swicker (1950),154 Ohio St. 341, 96 N.E.3d 196, paragraph one of the syllabus ("At common law, ordinarily the knowledge of an agent, receivedwhile he is acting within the scope of his authority and inreference to a matter over which his authority extends, is imputed to such agent's principal.") (Emphasis added.) Because the inspection and maintenance of county roads is beyond the scope of Mr. Kasler's employment, his knowledge of the existence of the branch is not imputed to Athens County. Accordingly, appellants have failed to establish that Athens County had actual knowledge of the nuisance.
 {¶ 12} Appellants argue that even if Athens County did not have actual knowledge, there is a genuine issue of fact concerning the county's constructive knowledge of the nuisance. A political subdivision has constructive knowledge of a nuisance if it "existed in such a manner that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger."Harp, 87 Ohio St.3d at 512, quoting Franks v. Lopez (1994),69 Ohio St.3d 345, 632 N.E.2d 502.
 {¶ 13} Edgar Albaugh testified that he owns twenty acres of undeveloped land located on County Road 36 in Athens County. Although the Albaughs reside in South Carolina, Mr. Albaugh visits his property at least twice a year. In his affidavit, Mr. Albaugh indicated that he last visited the property on April 22, 2000. During the visit, Mr. Albaugh walked and inspected the property, including the portion abutting County Road 36. According to Mr. Albaugh, he did not notice any unusual tree branches extending into the right-of-way.
 {¶ 14} In addition, Brooke Hallowell and Richard Linn testified that they drove past the Albaughs' property prior to the accident. Ms. Hallowell testified that she drove past the property several weeks before the accident. She indicated that she did not notice any fallen trees or tree limbs extending onto or over the road. Mr. Linn indicated that he drove past the Albaughs' property seven or eight days before the accident. He testified that he did not notice any unusual tree branches sticking out into the road.
 {¶ 15} Finally, three witnesses testified that they drove past the property prior to the accident and did not notice any unusual tree branches extending into the road. Cathy Brandeberry, a school bus driver whose route includes County Road 36, drove past the Albaughs' property five times on April 28, 2000, just two days before the accident. According to Ms. Brandeberry, there were no fallen trees along either side of the road. Moreover, Ms. Brandeberry indicated that there were no tree branches protruding over the traveled portion of the road. William Russell, a postal worker whose route includes County Road 36, traveled the road on the day of the accident. He testified that there were no fallen trees or tree branches along the road. Todd Wolfe, an employee of the Athens County Engineer's Office, drove past the Albaughs' property four times on the day of the accident. In fact, Mr. Wolfe drove past the property at 5:30 p.m., approximately one hour before the accident occurred. Mr. Wolfe testified that there were no fallen trees near the Albaughs' property. In addition, he testified that there were no tree branches extending over the road. Mr. Wolfe indicated that as an employee of the Engineer's Office, he specifically watches for dangerous conditions on the roads he travels.
 {¶ 16} To oppose this evidence, appellants offered the deposition testimony of Joe Kasler. Mr. Kasler testified that he noticed the fallen tree and protruding branch in the middle of January and again near the end of February. Mr. Kasler indicated that both times he had to drive his "RV" on the opposite side of the road so that the tree branch would not scratch it. According to Mr. Kasler, the branch was 0-18 inches from the road's hard pavement and 4-6 feet above the road's surface. Mr. Kasler testified that the tree branch was "very visible" and that "there was nothing to obscure it." When shown a photo of the tree that appellants contend caused the accident, Mr. Kasler indicated that "It appears to be the same tree."
 {¶ 17} Viewing the evidence in a light most favorable to appellants, we conclude there remains a genuine issue of fact concerning whether Athens County had constructive knowledge of the existence of the tree branch. If Mr. Kasler's testimony is believed, then the tree branch had been in the right-of-way since January 2000. In addition, Mr. Kasler's testimony establishes that the tree branch was "very visible". Thus, a reasonable trier of fact could conclude that Athens County had constructive knowledge of the tree branch.
 {¶ 18} However, Athens County argues that it does not owe a duty to appellants because, if Mr. Kasler's testimony is credible, the hazard posed by the tree branch was open and obvious. In response, appellants contend the open and obvious doctrine does not apply to the present situation. Specifically, they argue that the open and obvious doctrine only applies when an invitee is injured while lawfully on the property of a landowner.
 {¶ 19} Our review of the record reveals that appellants failed to raise this argument in the lower court. Appellees raised their arguments concerning the open and obvious doctrine in their replies to appellants' memorandum in opposition to summary judgment. After appellees filed their reply briefs, appellants sought leave to file a "sur reply brief." The trial court granted appellants' request and in October 2003, appellants filed their sur reply brief.[3] Nowhere in that brief did appellants argue that the open and obvious doctrine did not apply to the facts of the case. Because appellants failed to raise this argument in the trial court, they have waived it for purposes of appeal. See Lippy v. Soc. Natl. Bank (1993),88 Ohio App.3d 33, 40, 623 N.E.2d 108; Van Camp v. Riley (1984),16 Ohio App.3d 457, 463, 476 N.E.2d 1078.
 {¶ 20} Moreover, appellants did not advance this argument in their initial appellate brief. Rather, appellants raised this argument in their reply brief. An appellant may not use a reply brief to raise new issues or assignments of error. Durham v.Pike Cty. Joint Vocational School, 150 Ohio App.3d 148,2002-Ohio-6300, 779 N.E.2d 1051, at ¶ 12, citing Shepard v.Mack (1980), 68 Ohio App.2d 95, 427 N.E.2d 522, fn.1. A reply brief simply provides an opportunity for an appellant to respond to issues raised in the appellee's brief. See App.R. 16(C); Inre Haubeil, Ross App. No. 01CA2631, 2002-Ohio-4095; Shepard,
supra. Accordingly, appellants' argument is not properly before the court for our consideration.
 {¶ 21} Appellants also argue that there is a genuine issue concerning whether the tree branch was in fact open and obvious. The open and obvious doctrine governs a landowner's duty to persons entering his property. Simmers v. Bentley Const. Co.,64 Ohio St.3d 642, 645, 1992-Ohio-42, 597 N.E.2d 504. The doctrine provides: "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79,2003-Ohio-2573, 788 N.E.2d 1088, syllabus. The rationale behind the open and obvious doctrine is that "the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Id. at 80, quoting Simmers.
In addition, "`knowledge of the condition removes the sting of unreasonableness from any danger that lies in it, and obviousness may be relied on to supply knowledge. Hence the obvious character of the condition is incompatible with negligence in maintaining it. * * *.'" Sidle v. Humphrey (1968), 13 Ohio St.2d 45, 48,233 N.E.2d 589, quoting 2 Harper James, Law of Torts (1956), 1491. Whether a danger is open and obvious, like most questions of legal duty, is a question of law for the court, not the fact finder, to decide. Nelson v. Sound Health AlternativesInternatl., Inc., Athens App. No. 01CA24, 2001-Ohio-2571;Penniston v. Noel, Pike App. No. 01CA669, 2002-Ohio-686.
 {¶ 22} Joe Kasler was the only witness to testify as to the existence of the tree branch. Without Mr. Kasler's testimony, there is no evidence that the county had constructive knowledge of the branch. It is only through Mr. Kasler's testimony that appellants are able to satisfy their burden of showing that there is a genuine issue of material fact regarding the constructive knowledge requirement. Therefore, Mr. Kasler's testimony is also pivotal in determining whether the tree branch was open and obvious.
 {¶ 23} Mr. Kasler testified that the top portion of the fallen tree extended over the paved portion of the road less than thirteen feet above the road's surface. As for the tree branch that caught the truck's mirror, Mr. Kasler testified that the branch hung over the right-of-way but did not protrude into the paved portion of the road. He indicated that the branch was 0-18 inches from the pavement and 4-6 feet above the road's surface. Moreover, he testified that there was nothing to obscure the branch and that it was "very visible". According to Mr. Kasler, any driver should have been able to see the tree branch.
 {¶ 24} Having reviewed the record, we conclude the tree branch constituted an open and obvious danger. Mr. Linn indicated that the accident happened at approximately 6:30 p.m. Although it was approaching dusk, Mr. Linn testified that it was still light out at the time of the accident. The evidence indicates that the tree branch was close to the paved portion of the road and that there was nothing obscuring it. The branch was approximately 4-6 feet above the road's surface and thus, would have been visible through the windshield of a motor vehicle. Given this evidence, we conclude a reasonable person would appreciate the danger associated with the tree branch and attempt to avoid it. SeeSexton v. Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98CA2603 ("An `open and obvious danger' is one which a reasonable person would appreciate and seek to avoid.") Because the branch constituted an open and obvious danger, Athens County owed no duty to appellants as a matter of law. Accordingly, appellants' second assignment of error has no merit.
 {¶ 25} In their first assignment of error, appellants argue the court erred in granting the Albaughs' motion for summary judgment. Appellants contend there is a genuine issue concerning whether the Albaughs had constructive knowledge of the tree branch. They also argue again that the open and obvious doctrine does not apply to the present situation.
 {¶ 26} Generally, a landowner is not liable to persons outside the land who are injured by a natural condition of the land Heckert v. Patrick (1984), 15 Ohio St.3d 402, 404,473 N.E.2d 1204, quoting 2 Restatement of Law 2d, Torts (1965) 258, Section 363(1). However, an exception exists concerning growing trees whose limbs overhang a public street or highway. Id.
Under certain circumstances, a landowner whose property abuts a highway may be liable for injuries or damages caused by a tree or limb falling onto the highway from such property. Id. A landowner's duty concerning trees growing near the highway differs depending on whether the landowner's property is located in a urban area or in a rural area. See Id. In discussing a rural landowner's duty, the Supreme Court of Ohio has stated: "Although there is no duty imposed upon the owner of property abutting a rural highway to inspect trees growing adjacent to the roadway or to ascertain defects which may result in injury to a traveler on the highway, an owner having actual or constructive knowledge of a patently defective condition of a tree which may result in injury to a traveler must exercise reasonable care to prevent harm to a person lawfully using the highway from the falling of such tree or its branches." Heckert,15 Ohio St.3d 402, paragraph one of the syllabus, citing with approval Hay v.Norwalk Lodge No. 730, B.P.O.E. (1951), 92 Ohio App. 14,109 N.E.2d 481. Although the Court did not define "patently defective condition", it later stated: "If the danger is apparent to a rural property owner, he must take precautions to protect the traveling public." Heckert, 15 Ohio St.3d at 405. Thus, it appears that a patently defective condition is one where the danger is apparent.
 {¶ 27} Both parties agree that Heckert, supra, governs the Albaughs' duty to appellants. Moreover, appellants acknowledge that the Albaughs did not have actual knowledge of the tree branch. They argue, however, that Mr. Kasler's deposition creates a genuine issue about whether the Albaughs had constructive knowledge of the tree branch. In Heckert, the Supreme Court of Ohio held that constructive knowledge could be imputed to a rural landowner "if the hazard or defect complained of is deemed patent." Id.
 {¶ 28} As with the county, Mr. Kasler's testimony creates a genuine issue as to whether the Albaughs had constructive knowledge of the tree branch. Mr. Kasler testified that he first noticed the branch in January 2000, three months before the accident. In addition, he testified that the branch was "very visible". Thus, a reasonable trier of fact could conclude that the Albaughs had constructive knowledge of the tree branch.
 {¶ 29} The Albaughs, however, argue that even if they had constructive knowledge of the tree branch, they did not owe a duty to appellants because the hazard posed by the tree branch was open and obvious. In response, appellants again argue that the open and obvious doctrine does not apply in the present situation where a passerby is injured by a hazard located off the landowner's property. Because appellants failed to raise this argument in the lower court, they have waived it for purposes of appeal. See Lippy, supra.
 {¶ 30} Appellants also argue that there is a genuine issue concerning whether the tree branch was in fact open and obvious. We have already concluded that whether a danger is open and obvious is a question of law for the court to decide. SeeNelson; Penniston. For the reasons expressed in connection with the county, we conclude the tree branch in the present case constituted an open and obvious hazard. Because the Albaughs' owed no duty to appellants, we overrule appellants' first assignment of error and affirm the trial court's judgment.
Judgment Affirmed.
Abele, J., concurs with concurring opinion.
[1] At the time appellants filed this appeal, their claims against U-Haul remained pending in the trial court. However, by a Nunc Pro Tunc Entry, the trial court added language that made its partial summary judgment a final appealable order. See Civ.R. 54(B).
[2] The current version of R.C. 2744.02(B)(3) provides that "political subdivisions are liable for injury, death, or loss to persons or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads * * *." However, the current version did not take effect until April 2003. Because the accident occurred on April 30, 2000, we use the version of R.C.2744.02(B)(3) in effect at that time.
[3] When the trial court granted appellees' motions for summary judgment, it also struck appellants' sur reply brief from the record.