[Cite as *Wilson v. Cleveland*, 2024-Ohio-5913.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

FRANKIE WILSON,                          :

    Plaintiff-Appellee,            :

                            No. 113812

    v.                             :

CITY OF CLEVELAND, ET AL.,               :

    Defendants-Appellants.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** December 19, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-966037

---

### *Appearances:*

Friedman, Domiano & Smith Co., L.P.A., and Marco G. Bocciarelli, *for appellee.*

Mark Griffin, Cleveland Director of Law, James R. Russell, Jr., Chief Assistant Law Director, and Jerome A. Payne, Jr., and Affan Ali, Assistant Directors of Law, *for appellant.*

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, City of Cleveland ("the City"), appeals the trial court's denial of its motion for summary judgment based on political subdivision immunity. For the reasons that follow, we reverse the trial court's decision.

**Procedural History**

{¶ 2} On July 13, 2022, plaintiff-appellee, Frankie Wilson ("Wilson"), filed a personal injury complaint against the City. The complaint alleged the following. The City is a municipality as defined under the Revised Code and is responsible for the care and upkeep of the City's water and sewage lines, including the propriety function of caring for and maintaining various drainage points throughout the City that are connected to and part of public roadways. On December 2, 2020, Wilson, while acting within the scope of his employment as a paratransit driver for GC Logistics, stepped off his bus on Quincy Avenue in the City of Cleveland into an open uncovered sewer hole. As a result, he suffered multiple injuries. The City was negligent in the maintenance and upkeep of the sewer hole and failed to act reasonably once it knew or should have known of the defect and/or dangerous condition. Additionally, the City failed to warn and/or protect pedestrians such as Wilson. As a direct and proximate result of the City's negligence, Wilson suffered substantial injuries to his leg, neck, back, and other parts of his body causing pain, permanent damage, and loss of life's enjoyment.

{¶ 3} The City's response to the complaint was a denial for want of knowledge and information sufficient to form a belief as to the truth or falsity of the allegations. The City asserted several affirmative defenses including entitlement to all defenses and immunities set forth in Ohio Revised Code Chapter 2744 and all other defenses and immunities under federal, State, and common law.

**{¶ 4}** The City filed a motion for summary judgment and argued the Cleveland Water Department is not *sui juris* and cannot be sued as a separate entity; Wilson cannot establish a prima facie negligence claim; R.C. 2744.02(B)(2) is inapplicable because the City was not negligent; and R.C. 2744.02(B)(2) does not apply because there was no defect, no evidence the City created a faulty condition and it had neither actual nor constructive notice. On November 20, 2023, Wilson filed a voluntary dismissal of the Cleveland Water Department without prejudice. Subsequently, the trial court denied the City's motion for summary judgment finding there were genuine issues of material fact and the City is not entitled to judgment as a matter of law.

**{¶ 5}** As a result of the trial court's denial of its motion for summary judgment, the City appealed and raises the following assignments of error.

### Assignment of Error No. 1

It was reversible error for the lower court to hold that there were genuine issues of material fact when it denied the City of Cleveland's Motion for Summary Judgment based upon statutory immunity.

### Assignment of Error No. 2

It was reversible error for the lower court to fail to reinstate the City of Cleveland's immunity as a matter of law.

## Law and Analysis

## Jurisdiction

**{¶ 6}** In the first assignment of error, the City argues that the trial court erred by denying the City's motion for summary judgment based on statutory immunity. As an initial matter, we must address jurisdiction. Typically, an order denying a

motion for summary judgment is not a final, appealable order. *Ceasor v. E. Cleveland*, 2018-Ohio-2741, ¶ 13 (8th Dist.), citing *Hubbell v. Xenia*, 2007-Ohio-4839, ¶ 9, citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 24 (1966). However, R.C. 2744.02(C) provides:

> An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.

{¶ 7} While we are authorized to review the trial court's decision, the scope of that review is limited. *Ceasor* at ¶ 14. We may only examine "alleged errors in the portion of the trial court's decision that denied the benefit of immunity." *Id.*, citing *Reinhold v. Univ. Hts.*, 2014-Ohio-1837, ¶ 21 (8th Dist.), citing *Riscatti v. Prime Properties Ltd. Partnership*, 2013-Ohio-4530, ¶ 20.

**Standard of Review**

{¶ 8} A trial court's decision on a motion for summary judgment is subject to de novo review. *Garmback v. Cleveland*, 2022-Ohio-1490, ¶ 16 (8th Dist.), citing *Johnson v. Cleveland City School Dist.*, 2011-Ohio-2778, ¶ 33 (8th Dist.). In a de novo review, "we afford no deference to the trial court's decision and independently review the record to determine whether the denial of summary judgment is appropriate." *Id.*, quoting *Johnson* at ¶ 53, citing 2009-Ohio-2136, ¶ 12 (8th Dist.).

{¶ 9} A court grants summary judgment when "(1) no genuine issue as to any material fact exists; (2) the party moving for summary judgment is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of

the nonmoving party, reasonable minds can only reach one conclusion, which is adverse to the nonmoving party." *Ceasor*, 2018-Ohio-2741, ¶ 15 (8th Dist.), citing *Hull v. Sawchyn*, 145 Ohio App.3d 193, 196 (8th Dist. 2001).

{¶ 10} The party requesting summary judgment has the burden of showing that no genuine issues of material fact exist. *Sickles v. Jackson Cty. Hwy. Dept.*, 2011-Ohio-6102, ¶ 12 (4th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 294 (1996). A party meets this burden by citing "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action," that demonstrate the nonmoving party has no evidence to support their claims. *Id.*, citing Civ.R. 56(C). Once the moving party has met its burden, the nonmoving party must respond with affidavits and/or set forth specific facts as provided in Civ.R. 56 showing there are genuine issues of material fact. *Id.*, quoting Civ.R. 56(E).

**Political Subdivision Immunity**

{¶ 11} Based on the foregoing, we must examine the record to see whether the City was entitled to political subdivision immunity, as a matter of law, i.e., that there were no genuine issues of material fact that would prevent the City from receiving immunity.

{¶ 12} In order to determine whether a political subdivision is entitled to immunity under R.C. Ch. 2744, a three-tiered analysis is used. *Cater v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). A political subdivision is not liable for "damages in a civil action for injury, death or loss to person or property allegedly caused by an act

or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or propriety function" except as provided in R.C. 2744.02(B). *Id.*; R.C. 2744.02(A)(1).

{¶ 13} Under the first tier, a court acknowledges "the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function." *Colbert v. Cleveland*, 2003-Ohio-3319 ¶ 7. However, the political subdivision immunity is not absolute.

{¶ 14} The second tier has the court establish whether one of the five exceptions to immunity listed in R.C. 2744.02(B) applies, exposing the political subdivision to liability. *Id.* at ¶ 8. If the political subdivision is not exposed to liability, then the third-tier review is unnecessary. *Silverman v. Cleveland*, 2021-Ohio-688, ¶ 10 (8th Dist.).

{¶ 15} Regarding the third tier, if one of the exceptions is found to apply and no defense in that section protects the political subdivision from immunity, the court must then determine whether any of the defenses to liability delineated in R.C. 2744.03 apply thereby reinstating immunity and providing a defense against liability. *Colbert* at ¶ 9.

{¶ 16} Here, both parties agree the City has immunity under R.C. 2744.01(A)(1) and that the immunity exception under R.C. 2744.02(B)(3) is at issue. R.C. 2744.02(B)(3) provides an exception to the general grant of sovereign immunity for injuries or losses resulting from the "negligent failure to keep public

roads in repair and other negligent failure to remove obstructions from public roads[.]"

{¶ 17} This court has found R.C. 2744.02(B)(3) includes two separate exceptions to sovereign immunity. *Todd v. Cleveland*, 2013-Ohio-101, ¶ 13-14 (8th Dist.). "The terms 'in repair' and 'obstruction' exist separately and provide two independent bases for precluding statutory immunity with respect to public roads." *Id*. at ¶ 14, citing *Bonace v. Springfield Twp.*, 2008-Ohio-6364, ¶ 29 (7th Dist.), *Crabtree v. Cook*, 2011-Ohio-5612, ¶ 27 (10th Dist.).

{¶ 18} The term "'in repair' . . . has been interpreted to include 'fixing holes or crumbling pavement.'" *Todd* at ¶ 15, quoting *Crabtree* at *id.*, citing *Bonace* at *id*. While, an "obstruction" is an impediment "that blocks or clogs the roadway and not merely a thing or condition that hinders or impedes the use of the roadway or that may have the potential to do so." *Howard v. Miami Twp. Fire Div.*, 2008-Ohio-2792, ¶ 30.

{¶ 19} Our focus for this case is whether Wilson's injuries resulted from the City's negligent failure to keep public roads in repair. The duty is upon cities to repair deteriorated roads that have become potentially hazardous. *Silverman*, 2021-Ohio-688 at ¶ 14, citing *Leslie v. Cleveland,* 2015-Ohio-1833, ¶ 14 (8th Dist.). When the failure to do so allegedly caused injuries, cities could be liable under R.C. 2744.02(B)(3). *Id.*

{¶ 20} Wilson argues the City was negligent in the maintenance and upkeep of the sewer hole and failed to act reasonably once it knew or should have known of the defect and/or dangerous condition.

{¶ 21} We must determine whether Wilson has established sufficient facts to create a genuine issue of the City's negligence, i.e., duty, breach of that duty, proximate cause of the breach, and injury. *Silverman* at ¶ 15, citing *Leslie* at ¶ 16.

{¶ 22} First, with duty, a city's liability for failing to perform the duty of alleviating faulty road conditions that results in damages "arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality has actual or constructive notice of its existence." *Gomez v. Cleveland*, 2012-Ohio-1642, ¶ 7 (8th Dist.), citing *Cleveland v. Amato*, 123 Ohio St. 575 (1931). Actual notice occurs when information is personally communicated to or received by the required party. *Jenkins v. Ohio Dept. of Rehab. & Corr.,* 2013-Ohio-5106, ¶ 12 (10th Dist.), citing *Hughes v. Ohio Dept. of Rehab. & Corr.*, 2010-Ohio-4736, ¶ 14 (10th Dist.). "There is constructive knowledge where the nuisance existed in such a way that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger." *Gomez* at *id.,* citing *Kertesz v. Fulton Cty.,* 2006-Ohio-3178*,* ¶ 20 (6th Dist.).

{¶ 23} Basically, Wilson argues he fell in an uncovered sewer hole and the City is responsible for the injuries he sustained. Wilson submitted a photo of the

hole taken two weeks later that was covered with a grate. Wilson also argues that the City plowed the streets shortly before he fell, accordingly it had actual notice of the issue. On the other hand, the City provided an affidavit that attested to a two-year search of its records that revealed no complaints, calls, or repairs regarding that particular sewer hole. Additionally, the City's Division of Streets' record search for two months prior to Wilson's fall disclosed that various road maintenance and repairs had been completed on Quincy Avenue. The affiant stated that if there had been a problem with the road surface around the sewer hole, it would have been addressed.

{¶ 24} The City as the moving party for summary judgment based on political immunity presented facts that it had no actual or constructive notice that the sewer hole where Wilson fell was uncovered. Wilson presented no evidence of the City's actual or constructive notice of the uncovered sewer hole.

{¶ 25} Under similar facts, this court upheld the City's immunity to liability. In *Silverman*, an injury was incurred when the complainant stepped into a pothole and was injured. Silverman was unable to produce facts to prove the City had notice of the pothole. Here, Wilson has failed to prove the City had notice of the uncovered sewer hole.

{¶ 26} Consequently, after reviewing evidence in a light most favorable to Wilson, we find that there is no genuine issue of material fact and reasonable minds can come to but one conclusion — the City is entitled to political subdivision immunity.

{¶ 27} Appellant's second assignment of error is moot because the third-tier analysis is unnecessary.

{¶ 28} Accordingly, the City's first assignment of error is sustained and the trial court's decision is reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR