[Cite as *Justus v. Lakewood*, 2025-Ohio-745.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF OHIO**

NICHOLE JUSTUS,                              :

      Plaintiff-Appellee,          :

      v.                                          :

CITY OF LAKEWOOD,                      :

      Defendant-Appellant.      :

No. 113972

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** March 6, 2025

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-974084

_____

*Appearances:*

Friedman, Domiano & Smith Co., L.P.A., and Marco G.
Bocciarelli, *for appellee.*

The Law Office of Jonathan W. Phillipp, and Jonathan W.
Phillipp, *for appellant.*


SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant the City of Lakewood ("the city") appeals the decision of the trial court that denied summary judgment to the city on the issue of political-subdivision immunity. Upon review, we reverse the trial court's decision.

{¶ 2} On January 20, 2024, plaintiff-appellee Nichole Justus filed this personal-injury action against the city. According to her deposition, on August 25, 2022, Justus was riding a motorized scooter on a street in Lakewood, Ohio. As she "was slowing down and pulling off the road" near her destination, "the front wheel just caught like what felt like a circular divot in the road" and she "fell very fast" and sustained substantial personal injuries. Photographs taken after the incident depict a circular depression in the road inside a painted-off area near a fire hydrant. The area of the street is also in front of the Lakewood Fire Department. Justus alleged in her complaint that "[a]s a result of [the city's] negligent conduct in failing to properly repair or replace or warn and/or protect motorists/pedestrians, such as plaintiff, of the existing hazards on the street in front of 18124 Detroit Avenue, Lakewood, Ohio, plaintiff fell on the defective street, resulting in severe personal injury."

{¶ 3} During the trial-court proceedings, the city moved for summary judgment on the basis of political-subdivision immunity, as well as under a waiver and release agreement for the scooter rental. The trial court denied the motion. The city timely appealed the portion of the trial court's decision that denied the benefit of immunity, to which the scope of our review is limited. *See Wilson v. Cleveland*, 2024-Ohio-5913, ¶ 7 (8th Dist.). We have thoroughly reviewed the testimony and evidence in the record before us.

{¶ 4} "The review of a summary judgment denying political-subdivision immunity is de novo and is governed by the summary-judgment standard set forth

in Civ.R. 56." *Pelletier v. Campbell*, 2018-Ohio-2121, ¶ 13, citing *Comer v. Risko*, 2005-Ohio-4559, ¶ 8. Summary judgment is appropriate only when "[1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Argabrite v. Neer*, 2016-Ohio-8374, ¶ 14, citing *M.H. v. Cuyahoga Falls*, 2012-Ohio-5336, ¶ 12.

{¶ 5} There is no dispute that the city is a political subdivision entitled to the general grant of immunity afforded under R.C. 2744.02(A), and that the city's maintenance and repair of its roads, highways, streets, and avenues is a governmental function defined under R.C. 2744.01(C)(2)(e). As the city states, "the roadway at issue here — Detroit Avenue — is a public street within the City's municipal limits." Our focus is on the exception to political-subdivision immunity under R.C. 2744.02(B)(3), which provides with limited exception that "political subdivisions are liable for injury, death, or loss to person or property caused by [its] negligent failure to keep public roads in repair and other failure to remove obstructions from public roads[.]" R.C. 2744.02(B)(3).[1]

{¶ 6} The Supreme Court of Ohio has construed the phrase "in repair" to mean "'the state of being in good or sound condition.'" *Pelletier* at ¶ 19, quoting

---

[1] The Ohio Supreme Court has held that "for purposes of R.C. 2744.02(B)(3), an 'obstruction' must be an obstacle that blocks or clogs the roadway and not merely a thing or condition that hinders or impedes the use of the roadway or that may have the potential to do so." *Howard v. Miami Twp. Fire Div.*, 2008-Ohio-2792, ¶ 30.

*Webster's Third New International Dictionary* 1923 (2002). This may include fixing holes or crumbling pavement, "'i.e., repairing potholes when a road is deteriorating.'" *Nadrowski v. Cleveland*, 2022-Ohio-3232, ¶ 14 (8th Dist.), quoting *Todd v. Cleveland*, 2013-Ohio-101, ¶ 15 (8th Dist.); *Wilson*, 2024-Ohio-5913, at ¶ 18 (8th Dist.). However, as applicable to this matter, the record presented must show there are genuine issues of material facts as to whether the city "negligently failed" to keep a public road in repair pursuant to the exception to immunity in R.C. 2744.02(B)(3). As this court previously has indicated, a city has "a duty to repair roads that have deteriorated into a potentially hazardous condition[.]" *Nadrowski* at ¶ 14, citing *Todd* at ¶ 15; *see also Wilson* at ¶ 19, citing *Silverman v. Cleveland*, 2021-Ohio-688, ¶ 14 (8th Dist.). Also, in order to impose liability upon a city for breach of this duty, there must be proof to show that the city "'actively created the faulty condition, or that it was otherwise caused and the municipality has actual or constructive notice of its existence.'" *Gomez v. Cleveland*, 2012-Ohio-1642, ¶ 7 (8th Dist.), quoting *Cleveland v. Amato*, 123 Ohio St. 575, 577 (1931). Generally, "actual notice" exists when notice is "'communicated directly to or received by a responsible party[.]'" *Nadrowski* at ¶ 17, quoting *Silverman* at ¶ 17. "'There is constructive knowledge where the [condition] existed in such a way that it could or should have been discovered, that it existed for a sufficient length of time to have been discovered, and that if it had been discovered it would have created a reasonable apprehension of a potential danger.'" *Gomez* at ¶ 9, quoting *Kertesz v. Fulton Cty.*, 2006-Ohio-3178, ¶ 20 (6th Dist.).

{¶ 7} In this case, the city argues that it was not negligent regarding the upkeep or repair of the road, that the depression was de minimis, and that the depression was on a paint-striped portion of the road not meant to be driven on. The city also claims that the condition was open and obvious and was not hazardous.[2] Photographs taken after the incident show the nature of the condition, and testimony in the record reflects the approximate size of the depression, which did not render the regularly traveled portion of the roadway unsafe. Justus acknowledges that the depression was outside of the normal lane of traffic.

{¶ 8} The city further argues that the evidence on record provides no support for the notion that the subject depression presented a potentially hazardous condition about which the city knew about or should have known about and that no exception to immunity can be established in this matter. As the city states, it "did not expect or apprehend any potential danger from the depression because it was both de minimis and not meant to be traveled over." Roman Duco, who was the public works director for the city at the time of Justus's scooter accident, testified that he was not aware of any complaints about the depression. Myron Lucan, the city streets and forestry group leader, testified that the depression, which he observed from photographs appeared to be a half inch to an inch deep and was located in a no-drive zone, would not have been a priority to repair. Although the

_____

[2] We make no determination herein regarding the open-and-obvious argument that is presented by the city.

depression was investigated and repaired following the accident, Duco indicated that the repair would have been made to prevent any type of further depression.

{¶ 9} Although Justus asserts, among other arguments, that the depression existed for a few years prior to the incident, had been painted over, and was located near a fire hydrant and in front of a fire department, Justus has not offered evidence showing a genuine issue of material fact for trial. The testimony reflects re-striping of the road surface was done by a third-party contractor. There is no indication that firefighters from the nearby fire station were aware of the depression. Moreover, although Justus suggests firefighters flushing the hydrant should have realized the condition was there and was dangerous, the firefighters' work did not extend to road maintenance and repair such that knowledge could be imputed to the city. *See Hallowell v. Athens*, 2004-Ohio-4257, ¶ 10-11 (4th Dist.). Additionally, there is no evidence to support a determination that had the depression been discovered, it would have created a reasonable apprehension of a potential danger. There simply is a lack of evidence in the record indicating that the city knew the road needed repair or that the city had knowledge of a faulty condition. We are not persuaded by Justus's other arguments.

{¶ 10} From the record before us, Justus cannot establish from the evidence that the city had a duty to repair the subject depression. Even if she could, there is nothing to show that the city had actual or constructive notice of the condition or that it should have anticipated that the depression posed a hazard or potential danger. Consequently, the exception to political-subdivision immunity under

R.C. 2744.02(B)(3) cannot be found to apply in this matter. No other exception under R.C. 2744.02(B) applies.[3]

{¶ 11} Our review shows no genuine issues of material fact that remain to be litigated. After reviewing the evidence in a light most favorable to Justus, we find reasonable minds can come to but one conclusion — the city is entitled to political-subdivision immunity. Accordingly, we conclude the city is entitled to summary judgment based on political-subdivision immunity and we sustain the city's assignment of error.

{¶ 12} Judgment reversed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)

_____

[3] Because no exception to immunity applies, no analysis is necessary under R.C. 2744.03.